UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN ROBERT BENHATZEL,

                              Plaintiff,

                                                DECISION AND ORDER

                                                08-CV-6170L

                v.

LAURIE LAY, LPN,
a nurse at Erie County Correctional Facility,
Mike McBride, LPN,
a nurse at Erie County Correctional Facility,
STEPHEN SWAIN, PA
employed by Physician's Assistant of
Western New York, P.P.,
DR. LEBOWITZ,
a physician at Erie County Correctional Facility,
DEPUTY SHERIFF KING,

                              Defendants.
_____

      John Robert Benhatzel ("Benhatzel") has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Erie County Correctional Facility ("ECCF") and other individuals. Benhatzel, proceeding *pro se,* alleges that his constitutional rights under the Eighth Amendment were violated during his stay at the ECCF because the defendants were deliberately indifferent to his serious medical needs.

Defendant Stephen Swain has moved to dismiss the complaint (Dkt. #40) and the remaining defendants have moved for summary judgment (Dkt. #47) against the plaintiff. Both motions are granted and the complaint is dismissed with prejudice.

Concerning the motion to dismiss, plaintiff must allege in his pleadings facts demonstrating that his claim is facially plausible. Failure to do so warrants dismissal of the action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937, 1949 (2009). To defeat a well-founded motion for summary judgment, plaintiff must demonstrate that genuine issues of material fact exist that preclude the entry of judgment as a matter of law for the movants. *Scholtisek v. Eldre Corp.*, 697 F.Supp.2d 445, 470 (W.D.N.Y. 2010).[1]

Under either standard, plaintiff's claims must be dismissed. Plaintiff has not alleged facts showing that his Eighth Amendment rights have been violated, nor does the evidence before me support such a finding.

The Eighth Amendment protects incarcerated individuals from being subjected to cruel and unusual punishment. Such punishment may include prison officials' deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976).

---

[1] In response to Swain's motion to dismiss, plaintiff has filed a 56-page "traverse" (Dkt. #56), which includes his affidavit and numerous exhibits. Ordinarily, "[i]f, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

As this Court has stated before in an analogous situation, "[s]ince it is plaintiff who has submitted matters outside the pleadings, however, and since I would dismiss plaintiff's claims against [Swain] whether I considered those materials or not, I find it unnecessary to formally convert defendant['s] motion to a motion for summary judgment pursuant to Rule 12(d)." *Liner v. Goord*, 582 F.Supp.2d 431, 433 n.1 (W.D.N.Y. 2008).

To establish such a claim, however, plaintiff must show more than his personal disagreement or dissatisfaction with the treatment that he received.  Instead, he must show (1) that he had a medical need constituting "a condition of urgency" that might result in "death, degeneration, or extreme pain," and (2) defendants' knowledge and disregard of "an excessive risk to [the inmate's] health or safety."  *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation marks omitted).  To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict suffering.  *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).

In addition, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Here, Benhatzel's principal complaint seems to be that he was not referred for physical therapy for his knee, which had suffered from a bacterial infection, and that this led to arthritis in his knee.  It is clear, however, that Benhatzel was seen and treated by medical personnel, on a number of occasions.  This is not a case where plaintiff's needs were simply ignored.  Rather, this is essentially a dispute between the plaintiff and the medical providers as to the proper course of

treatment for his medical problem. Such a dispute does not rise to the level of an Eighth Amendment violation.

To prevail, plaintiff must do more than allege facts suggesting possible negligence or malpractice. *See Estelle*, 429 U.S. at 106 ("A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Although I do not believe the proof establishes negligence or malpractice, based on the material submitted, even if there were some question on that score, plaintiff is not entitled to relief on an Eighth Amendment claim. Plaintiff received care; he simply is dissatisified with the care that he received. Such a difference of opinion does not make out an Eighth Amendment claim. *See Sowell v. Chappius*, 695 F.Supp.2d 16, 21 (W.D.N.Y. 2010).

There is also no basis, in the pleadings or the evidence, that defendants acted with the requisite culpable state of mind. Nothing before the Court suggests that defendants deliberately ignored his complaints or acted with the intent to cause him unnecessary pain. *See Libbett v. Doody*, 686 F.Supp.2d 271, 278 (W.D.N.Y. 2010).

In sum, simply because this plaintiff disagrees with the scope and nature of his treatment, that does not constitute a colorable claim for an Eighth Amendment violation. The record before me clearly demonstrates the attention and care given to plaintiff. There is no constitutional violation here.

## CONCLUSION

Defendant Stephen Swain's motion to dismiss (Dkt. #40) and the remaining defendants' motion for summary judgment (Dkt. #47) are granted, and the complaint is dismissed with prejudice.

Plaintiff's motion to compel (Dkt. #37) is denied as moot.[2]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 10, 2010.

---

[2] Plaintiff's motion to compel, which was filed before defendants' motions, is a broad request for medical records concerning plaintiff, defendants, and the Erie County Medical Center. It appears, however, that plaintiff has already received substantial medical records relevant to his claim, and plaintiff has not demonstrated, or even alleged, that he needs additional records in order to respond to defendants' motions. In addition, I see no reason to believe that any of the records sought by plaintiff might affect the outcome of this case, since the evidence establishes that plaintiff did receive treatment for his condition, albeit not to his complete satisfaction.